# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHN R. GREISIGER

**(b)** County of Residence of First Listed Plaintiff    FLORIDA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD J. GERACE, GERACE LAW OFFICE 1515 MARKET ST., STE 1200, PHILA. PA 19102

## DEFENDANTS

HIGH SWARTZ

County of Residence of First Listed Defendant    BUCKS, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [x] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
BREACH OF CONTRACT BY THIRD PARTY BENEFICIARY

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
2/16/2022

SIGNATURE OF ATTORNEY OF RECORD
*Richard J. Gerace*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____


## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **2806 8TH AVENUE, ST. JAMES CITY, FL 33956**

Address of Defendant: **HIGH SWARTZ 116 EAST COURT STREET DOYLESTOWN, PA 1890**

Place of Accident, Incident or Transaction: **DOYLESTOWN PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　Yes ☐　No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　Yes ☐　No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　Yes ☐　No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　Yes ☐　No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **2/16/2022**　　_____　　**92176**
　　　　　　　　　　*Must sign here*
　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| | |
|---|---|
| **A.** *Federal Question Cases:* | **B.** *Diversity Jurisdiction Cases:* |
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☑ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify):* _____ |
| ☐ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases |
| ☐ 10. Social Security Review Cases | *(Please specify):* _____ |
| ☐ 11. All other Federal Question Cases *(Please specify):* _____ | |

---

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Richard J. Gerace**, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **2/16/2022**　　_____　　**92176**
　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. GREISIGER | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: <u>2:22-cv-00591</u> |
| | : | |
| HIGH SWARTZ LLP, | : | |
| KATHLEEN THOMAS, ESQ., and | : | |
| JUDITH LOUGHLIN | : | |
| Defendants | | |

## COMPLAINT

**I.     PARTIES**:

1.      Plaintiff John R. Greisiger ("Plaintiff") is a citizen of Florida.

2.      Defendant High Swartz, LLP ("High Swartz") is a law firm located in Bucks County, Pennsylvania.

3.      Defendant Kathleen Thomas ("Thomas") is a citizen of Pennsylvania and a licensed attorney in Pennsylvania.

4.      Defendant Judith Loughlin ("Loughlin") is the sister of Plaintiff and a citizen of Pennsylvania; she is also the daughter of Ruth Greisiger ("Ruth").

**II.     STATEMENT OF JURISDICTION AND VENUE**

5.      This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is a case or controversy between citizens of different States.

6.      Accordingly, there is complete diversity of citizenship amongst the parties.

7.      Venue is proper in this district under 28 USC 1391(b) because all of the Defendants reside in this district and all of the conduct alleged occurred or originated in this district.

1

### III.    FACTS COMMON TO ALL COUNTS

8.      Ruth is the mother of three adult children, Judith Loughlin ("Loughlin"), Arthur Greisiger, and Plaintiff John R. Greisiger.

9.      Ruth passed away on September 10, 2021.

10.     Her last will was purportedly written and signed on May 7, 2019 (the "May 7th Will" or "Will").

11.     The Will was written by the law firm of High Swartz and Attorney Thomas.

12.     Attorney Thomas was one of two witnesses to the execution and notarization of the Will.

13.     High Swartz and Thomas were engaged to accomplish Ruth's long stated intention to equally distribute her assets within and outside of a will equally amongst her children.

14.     It was common knowledge amongst her three children, as stated from time to time by Ruth herself, that she intended to distribute her remaining assets equally to her children even though some assets were to be dedicated to one child or another.

15.     Nevertheless, her intention was that in the end her probate and non-probate assets were to be equally distributed to her children.

16.     By May of 2019, Ruth was in poor physical and mental health and required extensive care and treatment.

17.     Care and treatment for her physical and mental conditions required payment over and above any available insurance coverage.

18.     Payment was funded through Ruth's existing assets which included investments and trusts.

2

19.     In the months before May 2019, Ruth appears to have discharged her long-time lawyer Brian Price and visited or was taken to a number of other law firms to rearrange her non-probate assets and write the new May 7th Will.

20.     At some point, Ruth was brought to High Swartz and Attorney Thomas.

21.     However, the stated objective of Ruth, to equally distribute her remaining assets to her children appears to remain the same in principle.

22.     Ruth engaged the services of High Swartz and Attorney Thomas to achieve that objective.

23.     Upon information and belief, there was a written attorney-client agreement by and between Ruth and her law firm and lawyers at High Swartz in particular Attorney Thomas.

24.     During all times relevant, Attorney Thomas worked under the direction and control of High Swartz to achieve Ruth's stated objective.

25.     Attorney Thomas not only created the May 7th Will, she also accounted for all other assets owned by Ruth for the equal distribution of her assets, and created the documents necessary to achieve that objective.

26.     Upon final consideration, Attorney Thomas created the necessary documentation, dissemination of non-probate assets or paid on death assets, and had Ruth execute the documents including the May 7th Will.

27.     This suit is dedicated to the consideration and provision of Ruth's non-probate assets, including joint accounts, and paid on death accounts and investment outside of the May 7th Will.

28.     In addition, this suit is dedicated to assets removed from the prior will and disseminated outside the May 7th Will.

3

29.     During all times relevant, High Swartz, Attorney Thomas, and Defendant Loughlin were aware of Ruth's objective to equally distribute her remaining assets to her children.

30.     Upon information and belief, Attorney Thomas and Defendant Loughlin discussed, considered and accounted for Ruth's assets, and her intentions and objectives, which clearly exists in all prior writings, wills, and directions to disseminate outside of probate as well as the considerations written into the May 7th Will.

31.     Based on these discussions, and despite the stated intentions and objective of Ruth to equally distribute her remaining assets equally to her children, High Swartz, Attorney Thomas and Defendant Loughlin appear to have decided on a scheme that failed to accomplish the equal distribution of Ruth's assets to her children.

32.     Whether or not the May 7th Will was the product of undue influence, lack of testamentary capacity, or fraud remains to be seen and is outside of this lawsuit.

33.     However, the utter failure of High Swartz, Attorney Thomas and Defendant Loughlin, to the extent Defendant Loughlin was bound to achieve the intentions and objective of Ruth to equally distribute her assets to her children, constitutes a breach of contractual duties and obligations.

34.     The breach of contract by High Swartz, Attorney Thomas and Defendant Loughlin, to the extent Defendant Loughlin was bound to achieve the intentions and objective of Ruth to equally distribute her assets to her children are compounded and complicated by the conduct of Defendant Loughlin who used undue influence to deny Plaintiff's rights to an equal share of Ruth's assets.

35.     As a named beneficiary in the May 7th Will, and all prior wills, as well as a designated recipient of Ruth's assets, Plaintiff is irrefutably a third-party beneficiary.

4

36.     As a third-party beneficiary, Plaintiff seeks in personam judgments against Defendants High Swartz, Thomas, and Loughlin for the damages caused him by defendants' breach of contractual obligations and tortious interference with his expectancy.

37.     Accordingly, this suit is aimed at non-probate assets which does not require a federal court to determine the validity or invalidity of a will.

38.     Indeed, this suit seeks in personam judgments against the defendants for assets transferred or assigned during Ruth's lifetime, and not part of her estate upon her passing.

39.     The suit is based on the individual breach of contract owed by High Swartz, Attorney Thomas, and Loughlin, all of whom were individually or collectively obligated to achieve the stated objective of Ruth.

40.     In addition, the suit is dedicated to the tortious interference by Loughlin with Plaintiff's inheritance or expectancy.

41.     Specifically, this suit focuses on the dismantling of prior directives designed to achieve Ruth's objective, and the defendants' individual and collective actions and/or failures to act that destroyed or frustrated Ruth's objective.

42.     The dismantling or destruction of Ruth's objectives occurred through the defendants' individual and/or collective failures, or deliberate prevention of the designation of assets and/or creation of inter vivos trusts to achieve Ruth's objectives.

43.     Accordingly, this court has jurisdiction to hear and decide Plaintiff's claims that assets were allegedly transferred during Ruth's lifetime that failed to equalize the equal distribution of Ruth's remaining assets to her children outside of any will.

## IV.    CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT BY HIGH SWARTZ

44.    Plaintiff incorporates by reference, ¶¶ 1 – 43 as if restated and realleged herein verbatim.

45.    To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).

46.    Upon information and belief, High Swartz and Attorney Thomas entered into an attorney client agreement with Ruth by which High Swartz and Thomas were to create a will and non-probate distributions in order to equally distribute Ruth's remaining assets to her children.

47.    Plaintiff was a named third-party beneficiary of the May 7th Will and all prior wills along with non-probate assets.

48.    As a third-party beneficiary, Plaintiff has a right to sue High Swartz and Attorney Thomas, as well as Defendant Loughlin, for breach of contract where Plaintiff suffered damages resulting from a breach of contractual duties and obligations owed Ruth.

49.    Ruth had long stated that her remaining assets were to be equally distributed amongst her children.

50.    However, by May 7, 2019, Ruth required physical and mental assistance and an attorney in fact to handle her affairs.

51.    Defendant Loughlin was given power of attorney.

6

52.     High Swartz and Attorney Thomas allowed or employed measures that allowed Defendant Loughlin to deprive Plaintiff of Ruth's stated objective; namely an equal share of Ruth's remaining assets.

53.     High Swartz and Attorney Thomas's failure to achieve Ruth's contract objective is a breach of contract that has damaged Plaintiff as a third-party beneficiary in an amount exceeding $75,000.

### COUNT II - BREACH OF CONTRACT BY ATTORNEY THOMAS

54.     Plaintiff incorporates by reference, ¶¶ 1 – 53 as if restated and realleged herein verbatim.

55.     To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).

56.     Upon information and belief, Attorney Thomas entered into an attorney client agreement with Ruth by which Attorney Thomas was contractually bound to achieve Ruth's objective to equally distribute Ruth's remaining assets to her children.

57.     Attorney Thomas's obligations arose either directly under a separate attorney client agreement or as the attorney assigned by High Swartz to fulfill the contractual obligations by and between High Swartz and Ruth.

58.     As a third-party beneficiary of the contract, Plaintiff has a right to sue Attorney Thomas for breach of contract where Plaintiff suffered damages resulting from Thomas's failure to achieve the contractual obligations of equal distribution which Thomas owed Ruth and Ruth's beneficiaries.

7

59.     The dissemination of non-probate assets deprives Plaintiff of his equal share of Ruth's remaining assets.

60.     Because the dissemination of non-probate assets deprived Plaintiff of an equal share of Ruth's remaining assets, Attorney Thomas breached the contract and her fiduciary duty to fulfill the stated objective of Ruth thereby causing Plaintiff damages.

61.     Thomas's breach of contract has damaged Plaintiff in an amount exceeding $75,000.

## COUNT III - TORTIOUS INTERFERENCE WITH AN INHERITANCE OR EXPECTANCY BY HIGH SWARTZ, THOMAS AND LOUGHLIN

62.     Plaintiff incorporates by reference, ¶¶ 1 – 61 as if restated and realleged herein verbatim.

63.     Defendants High Swartz, Thomas, and Loughlin transferred, caused to be transferred, or reassigned assets during Ruth's lifetime which defeated Ruth's stated objective of equal distribution of her assets to her children.

64.     By so doing, Defendants High Swartz, Thomas, and Loughlin interfered with Plaintiff's expectancy of an equal share of Ruth's remaining assets.

65.     Upon information and belief, Plaintiff's rights to the business and property of "RC Kletzing" were manipulated, reassigned, diluted and/or transferred in order to deprive Plaintiff of the full value of his expectancy.

66.     Indeed, Plaintiff was locked out of the property and the business closed through the combined efforts of High Swartz, Thomas, and Loughlin.

67.     Defendants' conduct prevented Plaintiff from receiving gifts that Ruth promised him.

68.     Accordingly, Plaintiff seeks in personam judgments against the defendants individually and collectively to recover the value of the gifts and/or expectancy lost to Defendants' interference.

69.     The Defendants interference with Plaintiff's expectancy has damaged Plaintiff in an amount exceeding $75,000.

## COUNT IV – CONCERT OF ACTION BY HIGH SWARTZ, THOMAS AND LOUGHLIN TO TORTIOUSLY INTERFER WITH PLAINTIFF'S EXPECTANCY

70.     Plaintiff incorporates by reference, ¶¶ 1 – 69 as if restated and realleged herein verbatim.

71.     Defendants High Swartz, Thomas, and Loughlin knew that Ruth's objective was to equally distribute her assets to her children.

72.     Defendants High Swartz, Thomas, and Loughlin knew or should have known of Ruth's objective through the contract language itself, as well as the information, documents, and statements provided by Ruth herself and Defendant Loughlin.

73.     In addition, the furtive search and contacts between Loughlin and numerous law firms and lawyers prior to Ruth and Loughlin's appearance at High Swartz is alarming and should have alerted High Swartz and Thomas to the likelihood that Ruth was being manipulated by Loughlin.

74.     Actions Loughlin took as power of attorney, such as closing the RC Kletzing business, locking out Plaintiff from his management position there, hiring her own husband and children to manage operations, and soliciting and procuring enormous loans from Ruth for Loughlin's children, indicate undue influence by Loughlin over Ruth and the diversion of non-probate assets to Plaintiff's detriment.

75.     High Swartz and Thomas's participation in this activity, and the utter failure of these lawyers to achieve Ruth's objective, and indeed achieve the opposite objective of awarding Loughlin the lion share of Ruth's assets, demonstrate a concert of action to interfere with and deprive Plaintiff of his inheritance and expectancy.

76.     Unarguably, Defendants High Swartz, Thomas, and Loughlin interfered with Plaintiff's expectancy in the RC Kletzing business and removed a portion of assets from the Will by an inappropriate inter vivos transfer.

77.     Accordingly, the business and property of "RC Kletzing" was manipulated, reassigned, diluted, and/or transferred by Defendants in order to deprive Plaintiff of the full value of his expectancy.

78.     Accordingly, Plaintiff seeks in personam judgments against the defendants individually and collectively to recover the value of the gifts and/or expectancy lost to Defendants' interference.

79.     The Defendants' interference with Plaintiff's expectancy has damaged Plaintiff in an amount exceeding $75,000.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

A.     Judgment in personum against High Swartz for breach of contract and damages equal to the value of one-third of Ruth's non-probate estate.

B.     Judgment in personum against Attorney Kathleen Thomas for breach of contract and damages equal to the value of one-third of Ruth's non-probate estate..

C.     Judgment in personum against Judith Loughlin for breach of contract and damages equal to the value of one-third of Ruth's non-probate estate..

D.      An award of damages, including punitive damages, to be established at trial;

E.      Interest and costs; and

F.      Such further relief as this Court may deem just and equitable.

Respectfully submitted,

Date: _February 15, 2022_

_____
Richard J. Gerace
Attorney for Plaintiff
Attorney Id. No. 92176
Gerace Law Office
1515 Market Street Suite 1200
Philadelphia, PA 19102
(215) 854-6345 Voice
(484) 472-8749 Fax
rgerace14@comcast.net
www.rgeracelaw.com

11

## VERIFICATION

Pursuant to 28 U.S.C § 1746, I, John R. Greisiger, hereby declare under penalty of perjury that the factual statements contained in the Complaint are true and correct.

Executed on this 15th day of February, 2022.

_____

John R. Greisiger